CAMPBELL, Judge.
Appellant, the State of Florida, seeks review of the sentence withholding adjudication of guilt in count I of the information against Bruce Stankovitch, appellee. We reverse.
Appellant contends that section 316.-656(1), Florida Statutes (1983), expressly prohibits a court from withholding adjudication for violation of section 316.193(1), Florida Statutes (1983).
On April 27, 1983, appellee was charged by information with manslaughter in count I, pursuant to section 782.07 and section 316.193(1). In Count II, he was charged with vehicular homicide pursuant to section 782.071, Florida Statutes (1983). Count II was nolle prossed. At sentencing on count I, adjudication of guilt was withheld and appellee was placed on five years probation with the special condition that he spend eleven and one-half months in the county jail. The state objected to the withholding of adjudication on the grounds stated above.
Section 316.656, Florida Statutes, did not become effective until October 1,1983, subsequent to the date appellee was charged. See ch. 83-228, § 12, Laws of Florida. Accordingly, the trial court correctly found that the mandatory adjudication provisions of section 316.656 did not apply in this case. However, counsel failed to inform the trial court of a similar provision enacted in 1982, as section 322.281(1), Florida Statutes *547 (1982) (effective July 1, 1982, ch. 82-155, Laws of Florida). That section provides:
Notwithstanding the provisions of section 948.01, no court shall suspend, defer, or withhold adjudication of guilt or imposition of sentence for any violation of section 316.193 or section 316.1931.
Here, appellant was charged with violation of section 316.193(1). According to the terms of section 322.281(1), Florida Statutes (1982), adjudication could not be withheld. Therefore, the decision of the trial court is reversed and the case remanded for further proceedings.
RYDER, C.J., and GRIMES, J., concur.